**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION 07-0781-WS-B** |
| **BROWN BROTHERS CONSTRUCTION, L.L.C.,** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

**ORDER**

This action comes before the Court on plaintiff's Application for Entry of Default and Judgment by Default (doc. 12), wherein plaintiff requests "entry of default and default judgment against the defendants in the amount of $264,095.62, plus interest at the per diem rate of $50.16 after January 7, 2008." (Doc. 12, at 3.)

The Court file reflects that plaintiff, Wachovia Bank, National Association, initiated this action against defendants Brown Brothers Construction, L.L.C., Tony L. Brown, and Lisa C. Brown by filing a Complaint (doc. 1) on November 2, 2007. Shortly thereafter, plaintiff filed Returns of Service (docs. 8, 9 & 10) reflecting that all three defendants were served with process by private process server on November 27, 2007. Pursuant to Rule 12, Fed.R.Civ.P., and as stated on the face of the Summons, each defendant's answer or other responsive pleading was due within 20 days after service, or by no later than December 17, 2007. To date, however, defendants have failed to respond or otherwise appear in this action, despite having been summoned to do so nearly six weeks ago. These circumstances, as recited on the face of plaintiff's Application, satisfy the criteria for a Clerk's Entry of Default pursuant to Rule 55(a), Fed.R.Civ.P.

That said, there is a significant technical infirmity in plaintiff's filing. In particular, plaintiff improperly conflates the distinct procedures of a clerk's entry of default and a court's entry of default judgment. The law is clear that these are separate steps that should not be

combined into one. *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment."). "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment."). The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment. *See, e.g., Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n.2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 8-9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment). Plaintiff has attempted to merge these two distinct steps into one by requesting both forms of relief contemporaneously.

Under the circumstances, it is **ordered** as follows:

1. Plaintiff's Application for Entry of Default and Judgment by Default (doc. 12) is **granted in part**, and **denied in part**. In particular, plaintiff's request that the Clerk of Court enter a default against all three defendants pursuant to Rule 55(a), Fed.R.Civ.P., is **granted**, and the Clerk is directed to do so. However, plaintiff's request for entry of default judgment is **denied** as premature.

2. The Clerk of Court is directed to send a copy of this Order to defendants Brown Brothers Construction, L.L.C., Tony L. Brown and Lisa C. Brown at the address

where service was perfected, to-wit: 9092 Woodland Drive, Elberta, Alabama 36530.

3.      If no motion to set aside the default has been filed by defendants pursuant to Rule 55(c) on or before **January 28, 2008**, plaintiff is authorized to re-file its motion for entry of default judgment after that time, pursuant to Rule 55(b)(2).

DONE and ORDERED this 7th day of January, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE