IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0781-WS-B |
| | ) | |
| BROWN BROTHERS CONSTRUCTION, L.L.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (doc. 19) against all named defendants herein.  Defendants have been placed on notice of the default proceedings against them; however, none have filed a response in opposition to the Motion, despite being given a full and fair opportunity to do so.

**I.      Background.**

Plaintiff, Wachovia Bank, National Association, initiated this action against defendants Brown Brothers Construction, L.L.C., Tony L. Brown, and Lisa C. Brown by filing a Complaint (doc. 1) on November 2, 2007.  Shortly thereafter, plaintiff filed Returns of Service (docs. 8, 9 & 10) reflecting that each defendant was served with process by private process server on November 27, 2007.  Pursuant to Rule 12, Fed.R.Civ.P., defendants' answers or other responsive pleadings were due by December 17, 2007.  As of January 7, 2008, no defendant had responded to the Complaint or otherwise appeared, prompting Wachovia to file an Application for Entry of Default and Judgment by Default (doc. 12).  By Order (doc. 13) entered on January 7, 2008, the Court granted plaintiff's request for entry of default but denied as premature the request for entry of default judgment.  A Clerk's Entry of Default (doc. 14) followed as to all three defendants on January 8, 2008.  Copies of the Application, the January 7 Order, and the Clerk's Entry of Default were served on defendants.

On January 28, 2008, more than 60 days after each of them was served with process and some 20 days after the Clerk's Entry of Default, defendants Tony and Lisa Brown (the

"Browns"), by and through counsel, finally moved to set aside the Clerk's Entry of Default. However, the Browns' sole showing for the relief requested was that they had not received an accounting of the payments received by Wachovia.  That bare statement, unadorned by supporting factual allegations or legal arguments, fell well short of satisfying the Browns' burden of establishing good cause to set aside the default pursuant to Rule 55(c); therefore, the Motion to Set Aside Default Judgment (doc. 17) was denied without prejudice via Order (doc. 18) entered on January 29, 2008.  Although the Court expressly invited the Browns to renew their Motion on or before February 6, 2008 by making a proper showing under Rule 55(c), they elected to disregard the January 29 Order.  Since that time, neither the Browns nor the third defendant (Brown Brothers Construction) have undertaken any effort to appear in these proceedings or to defend themselves against Wachovia's claims in any form or fashion.

Upon Wachovia's Motion for Default Judgment (doc. 19), the undersigned entered a Show Cause order (doc. 20) on February 21, 2008, stating in pertinent part as follows:

> "Pursuant to Rule 55(b)(2), Fed.R.Civ.P., defendants are hereby **ordered**, on or before **March 6, 2008**, to **show cause** why plaintiff's Motion for Default Judgment (doc. 19) should not be granted.  **Defendants are cautioned that if they do not respond in a timely manner, default judgment will promptly be entered in plaintiff's favor in the amounts requested in the Motion for Default Judgment.**"

(Doc. 20, at 2 (emphasis in original).)  Copies of this Order were served by the Clerk's Office on all three defendants and on the Browns' counsel of record; nonetheless, defendants have not responded to or otherwise acknowledged the February 21 Order.

## II.     Analysis.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.").  Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).  That is precisely the situation here.

Where, as here, defendants have failed to acknowledge the claims against them or to make any substantial attempt to defend themselves for more than three months after being served, entry of default judgment may be appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process. *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)(2)). In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).[1]

---

[1]    To be sure, courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment. *See, e.g., International Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp.2d 256, 261 (D. Conn. 2004) ("Where a party fails to respond, **after notice** the court is ordinarily justified in entering a judgment against the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp.2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond in any way to summons, complaint and motion for default judgment); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp. 129, 131 (N.D.N.Y. 1995) (defendant that had failed to file answer to complaint or otherwise defend was properly notified of motion for default judgment). Here, the defaulting defendants received notice on multiple occasions of the impending default proceedings, as copies of at least three different Orders pertaining to the default proceedings were served upon them by the Clerk's Office. Clearly, then, there are no notice issues implicated by the entry of default judgment against defendants.

Furthermore, district courts possess inherent power to sanction errant litigants before them.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  By their total noncompliance with the Court's Orders entered on January 29, 2008 and February 21, 2008, defendants have left the Court with no reasonable alternative but to enter default judgment against them for disregarding court orders and refusing to participate in this litigation.  Indeed, defendants' course of conduct amounts to a deliberate and intentional failure to respond, which is just the sort of dilatory litigation tactic for which the default judgment mechanism was created.  Under the circumstances of this case, the Court specifically finds that no lesser sanction than default judgment will suffice.

The law is clear, however, that defendants' failure to defend themselves in these proceedings does not automatically entitle Wachovia to a default judgment.  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim).  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Review of the Complaint confirms that it does indeed assert sufficiently specific and detailed facts with respect to all defendants to state cognizable claims against them.  Moreover, as the Court observed in the February 21, 2008 Order, the legal effect of defendants' default is

that they have now admitted the facts recited in the Complaint, which are adequate to establish the propriety of entry of a monetary judgment in Wachovia's favor.  And the February 21 Order specifically found that the amounts sought by plaintiff were adequately supported by the supporting affidavits and other documentation submitted by Wachovia with its Motion for Default Judgment, such that no evidentiary hearing is necessary to fix damages.  Accordingly, the Court finds that Wachovia is entitled to a default judgment against all defendants in the amount of $266,975.08, plus interest at the per diem rate of $41.52 after February 11, 2008. Computed to the present date, those figures translate into a current balance of $268,096.12, plus additional per diem charges of $41.52 henceforth.

## III.    Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Default Judgment (doc. 19) is **granted**.  Default Judgment will be entered against all defendants, in accordance with Rule 55(b)(2), Fed.R.Civ.P., in the amount of $268,096.12, plus interest accruing from this date forward at the per diem rate of $41.52.

The Clerk's Office is directed to mail a copy of this Order, and the accompanying Default Judgment, to defendants Brown Brothers Construction, L.L.C., Tony L. Brown and Lisa C. Brown at the address where service was perfected, to-wit: 9092 Woodland Drive, Elberta, Alabama 36530.

DONE and ORDERED this 10th day of March, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE